STATE of Missouri, Respondent,

v.

**Walter WARD, Appellant.**

**No. 47310.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 7, 1984.

Robert Brooks Ramsey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., and Thomas Carter, II, Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Walter Ward guilty of the second degree gunshot murder of Sanford Thomas. The trial court sentenced defendant as a prior felon to thirty years in prison.

The state showed the victim was driving several passengers home. Defendant and "Gooch" and "Big Lee" companions went looking for the victim but he was not yet home. Later they saw him driving home and stopped his car; after talking with him about money defendant shot and killed him with three shots from a 38-caliber pistol. Nearby police found a loaded but uncocked, unfired 25-caliber pistol.

Since defendant claims several evidentiary trial errors we state other facts separately as to each challenge.

■ In testifying for the state the victim's sister was asked if she knew defendant's companions on that evening. She said she knew "Gooch" and voluntarily added: "Because he shot my other brother." This did not refer to defendant. The trial court refused defendant's mistrial motion but admonished the jury to disregard the volunteered answer. This sufficed. Compare *State v. Crawford*, 619 S.W.2d 735[9] (Mo.1981).

Another argument here concerns defendant's contention the trial court's rulings barred him from showing self-defense. His counsel had stated defendant would not testify. However, defendant presented the testimony of one of defendant's companions, Julius "Gooch" Simmons, at the shooting. Simmons testified that as he sat on defendant's car trunk he saw and heard the victim arguing loudly with defendant, then saw the victim pull something that looked like a gun from his pocket and as defendant backed away he heard but did not see three or four gunshots.

As to denial of defendant's refused offers of proof: Upon cross-examining two state's witnesses each had denied knowing the victim had ever carried a gun or used narcotics. Defendant also offered to show the victim had once been convicted of a deadly weapon offense. Akin to this defense counsel sought to show by his witness Raymond Gentry that victim Thomas was a heavy drug user, had a threatening manner and had once beaten a girl friend and laughed about it. *State v. Maggitt*, 517 S.W.2d 105[1] (Mo. banc 1974) held deceased's reputation for violence may be shown by general reputation but not as here by violent acts unrelated to the crime charged.

■ In support of defendant's claim of error in refusing to let him show decedent's past violent conduct defendant cites *State v. Buckles*, 636 S.W.2d 914 (Mo. banc

1982) and *State v. Peoples,* 621 S.W.2d 324 (Mo.App.1981). Both concern the right to show decedent's violent acts against the defendant, which these were not. So they are patently irrelevant here.

■ Next defendant claims the trial court erroneously denied an offer of proof; this to show by defendant's friend, Robert Seals, that the victim had once phoned Seals and profanely threatened Seals, and indirectly threatened the defendant, who was not present. Defendant cites no authority for this point and we find none. Point denied.

■ Last, defendant claims error in the court's refusal to allow him to show by a policeman the nature of a gunshot residue test of the victim's untested gun. Since the only evidence was that the gun had not been fired the ruling was patently correct.

Finding no error in defendant's several challenges, we affirm.

REINHARD, C.J., and CRIST, J., concur.