## 72180. DIXON v. THE STATE.
### (346 SE2d 93)

POPE, Judge.

Emanuel Jasper Dixon was tried and convicted of two counts of armed robbery and was sentenced to terms of 15 years on each count, the terms to be served consecutively. *Held*:

1. Dixon raises the general grounds. The evidence adduced at trial shows that the Jet Oil station on Moreland Avenue was held up at gunpoint by a black male at approximately 4:00 a.m. on March 27, 1985. Store employees identified Dixon as the robber upon seeing him shortly after his arrest and again at trial. These employees reported the robbery to police within minutes of its occurrence, and described to police the robber and his car, a white compact. In addition, they described items taken.

At approximately 5:30 a.m. on the same day, the 7-11 store on Columbia Drive was robbed at gunpoint by a black male driving a white Volkswagen Rabbit with license number AYG 400. After police were notified of this, they spotted the car on I-20, forced it to stop, and arrested Dixon. This occurred within an hour of the second rob-

bery. In the glove compartment of the car, police found money order checks taken in both robberies, as well as a silver automatic pistol which employees of both stores had described to police. In addition, police found cash in Dixon's jacket pocket which very closely matched, in amount and denominations, the cash taken in the 7-11 robbery. The 7-11 employee on duty at the time of the robbery identified Dixon as the robber.

"The trier of fact is the exclusive judge of credibility and weight to be accorded the evidence. *Harris v. State*, 155 Ga. App. 530 (1) (271 SE2d 668) [1980]. When viewed in the light favorable to the verdict, the evidence presented was sufficient to enable any rational trier of fact to find the existence of the offense[s] charged beyond a reasonable doubt. [Cits.]" *McLarty v. State*, 176 Ga. App. 433, 435 (336 SE2d 273) (1985).

2. The robbery at the Jet Oil station was recorded on videotape by cameras permanently installed there. At trial, the State laid a foundation to introduce the tape into evidence with the intention of playing it for the jury. However, the tape malfunctioned so that no image was visible; therefore, the State did not use the tape. Dixon moved for a mistrial alleging that the State's failure to introduce the tape after laying the foundation caused him prejudice. The motion was denied. The record shows that the trial court gave the jury specific instructions in its charge to disregard any testimony concerning the videotape and to draw no conclusions from the fact that the tape was not introduced. The court emphasized to the jury that its decision was to be based solely upon the evidence produced in court. The record further shows that each witness who identified Dixon testified that the identification was based on his own recollection and not from any other source.

We find no error. "The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial." (Citations and punctuation omitted.) *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985). The State is not required to produce at trial physical evidence about which witnesses have testified. *Brown v. State*, 140 Ga. App. 198 (2) (230 SE2d 349) (1976). The "best evidence rule" applies only to writings, and then only in cases in which the contents are in issue. *Pryor v. State*, 238 Ga. 698 (9) (234 SE2d 918) (1977).

3. Dixon argues that the trial court improperly commented on the evidence by telling the jury at the conclusion of the State's case and just before the lunch break that "we will complete this case today," and then instructed the jury to be back by 2:15 p.m. Dixon argues that this implies that he would not put up a defense and shows that

the judge was not impartial. We do not agree. The record shows that the court gave the jury the usual lunch instructions that they were not to discuss the case among themselves or with anyone, and that they were to keep open minds until hearing all the evidence. This would indicate to a reasonable person that the defendant would put up evidence, and we do not see how the court's instructions, taken as a whole, can be construed as a commentary on the evidence, or show any lack of impartiality on the part of the court. See *Nave v. State*, 171 Ga. App. 165 (7) (318 SE2d 753) (1984). This enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 3, 1986.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Michael McDaniel, Barbara Conroy, Assistant District Attorneys*, for appellee.