STATE of Missouri,
Plaintiff-Respondent,

v.

Laroy W. SMITH, Defendant-Appellant.

No. 14606.

Missouri Court of Appeals,
Southern District,
Division Two.

May 22, 1987.

Motion for Rehearing and Transfer
Denied June 8, 1987.

Application to Transfer Denied
July 14, 1987.

Dan J. Pingelton, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with murder in the first degree. § 565.020.1, RSMo Supp.1984. The state waived the death penalty. A jury found him guilty. The defendant was sentenced to imprisonment for life without eligibility for probation or parole. § 565.020.2, RSMo Supp.1984. He presents three points on appeal.

The following is a synopsis of the evidence viewed favorably to the verdict. *State v. Esrock*, 660 S.W.2d 222 (Mo.App. 1983). The retired defendant lived in Lockwood. For a number of years it was his routine to spend the afternoons and evenings drinking beer in Stockman's Tavern. He was a friend of the owners. Customarily when a band played in the back room, the defendant sat at the table by the door and collected the one dollar admission. On those occasions he was not paid but kept supplied with beer on the house. He said on those evenings he brought his .22 caliber revolver with him.

On December 27, 1984, the defendant went to the tavern about 11:00 a.m. He spent the day there until about 4:00 p.m. when he took a friend to a doctor in Greenfield. He waited for the friend by drinking beer in a bar. On the return to Lockwood,

the two drank a pint of wine they had purchased.

After he returned to the tavern, during one period, he sat at the bar. During that time he ordered two beers. He paid for the first. When served the second, he asked the bar maid if co-owner John Marrs bought him a beer. An argument developed between the defendant and Marrs concerning the price of the second beer. About 11:00 p.m. the defendant left, saying he would never be back.

Nevertheless, in approximately one-half hour the defendant returned. Before he left he had worn no coat or jacket. When he returned he was wearing a jacket. He entered by walking through the kitchen. There he encountered Marrs. A witness said Marrs seemed to be in a forgiving mood. Marrs told the defendant to have a seat and Marrs would bring him a beer. The defendant sat at a table. When Marrs came to the table, the defendant, at point blank range, shot Marrs in the abdomen. After Marrs fell to the floor, the defendant took aim and shot him again. The defendant placed the gun on the table and laughed. Marrs died as a result of the first shot which perforated his liver.

The defendant testified that when he went to the tavern on the day in question, he thought he would be collecting money that night. For this reason, he took his gun in his pickup. When he returned from Greenfield, he stuck the gun in his belt. He surmised that no one saw it because he guessed he was wearing a coat. He did not collect money because it was a one-man band and no charge was made. His last memory of the night was about 9:00 or 10:00 p.m. when he and others were seated at a table listening to the band.

By his first point the defendant contends the trial court erred in not sustaining his motion for a mistrial based upon an allegedly improper comment by the trial court. That comment came late in the afternoon after the state rested and the defense requested a recess pending the arrival of a final witness. The trial court concluded that a recess for supper would allow time for the appearance of the witness. After so informing the lawyers, the trial court made the following explanation to the jury.

That completes most of the evidence in the case. There are one or two other witnesses who are not here yet. If they arrive I'm going to let them put them on a little bit later. While we're waiting I've had the deputy sheriff call and make arrangements to take you out for the evening meal. Then we're going to come back after that and finish up the case this evening. I think that it shouldn't be too late. If any of you need to call home and say you're going to be a little bit late this evening, you can do that at this recess. The sheriff will make a telephone available to you.

Will it work any special hardship on any of you to stay a little bit later tonight rather than come back tomorrow? I assume you'd all rather finish tonight than go tomorrow. Would anybody rather go tomorrow?

I take it you'd all rather finish tonight. Alright, just as soon as they make arrangements—he went to call a restaurant—we'll see what time they can have you back.

The defendant contends these remarks prejudiced him by informing the jury he had no defense and the evidence did not warrant comprehensive review.

"It is fundamental that the trial court in a criminal case shall not sum up or comment on the evidence or charge the jury as to any matters of fact. Rule 26.09, VAMR." *State v. Lomack,* 570 S.W.2d 711, 713 (Mo.App.1978). "In order to insure a fair trial, a trial judge must maintain absolute impartiality, ... refraining from uttering comments which express or suggest an opinion as to an issue or which tend to prejudice the minds of the jury against a defendant." *State v. Mitchell,* 693 S.W.2d 155, 160 (Mo.App.1985) (citations omitted). Guidelines for measuring the propriety of comments by a trial court to or in the presence of a jury are found in those two cases.

Under those guidelines, trial courts are not barred from all comments concerning procedure or time. In this case, the trial

had proceeded quickly. Direct examination and cross-examination had been short and to the point. In his opening statement, the defendant narrowed the issue to whether or not the defendant committed the act after deliberation or cool reflection upon the matter. The comment of the trial court was not an instruction within the meaning of Rule 28.02. *State v. Harvey,* 641 S.W.2d 792 (Mo.App.1982). The comment of the trial court did not in any manner suggest to the jury how any factual issue should be decided.

The following are examples of similar comments found not to be prejudicial. An inquiry concerning whether or not the jury wished to fill out dinner menus, *State v. Kirk,* 636 S.W.2d 952 (Mo.1982); a comment when "[a]t 5:30 the jury returned to the courtroom and the court in considering whether the jury should deliberate further or whether they would prefer to first have dinner, made the statement 'you understand you don't assess any punishment here; all you have got to return is a guilty or not guilty verdict,'" *State v. Hirsack,* 465 S.W.2d 543, 546 (Mo.1971); a suggestion to the jury that "we will complete this case today," *Dixon v. State,* 179 Ga.App. 278, 346 S.E.2d 93, 95 (1986); informing the jury that if they did not reach a verdict, overnight accommodations would be made and arrangements for clothing and other articles would be made, *Commonwealth v. Mascolo,* 6 Mass.App. 266, 375 N.E.2d 17 (1978), cert. denied, 439 U.S. 899, 99 S.Ct. 265, 58 L.Ed.2d 247 (1978); a statement that the trial would be concluded and a juror could probably be home by noon the following day, *People v. Gendron,* 144 Mich.App. 509, 376 N.W.2d 143 (1985), were all found not to be prejudicial. The trial court did not err in failing to declare a mistrial upon the defendant's motion.

By his second point the defendant contends the trial court erred in not granting him a new trial because of improper closing argument by the state. The defendant bases his point upon the following remarks.

Was John Marrs worth the price of a beer? That's what this man with his distorted, pickled mind thinks that you're gonna let him off because he was drunk. Well, if you do, you've got to look that wife back there in the face and you've got to look your neighbors in the face....

The defendant says these remarks are erroneous because they serve only to inflame the prejudices or excite the passions of the jury. He cites *State v. Long,* 684 S.W.2d 361 (Mo.App.1984). That case is inappropriate as it deals with an argument personalizing for the jury the details of a rape and arguing facts outside the record.

The cited remarks are more comparable to the following argument. "We have put it back together the way it happened, and Karen Terry is dead and she'll never be back, but her kids are asking you people and the other citizens of this community are asking you people to hold this man accountable for this crime." *State v. Lane,* 613 S.W.2d 669, 680, n. 4 (Mo.App. 1981). That argument was held to be a proper exhortation stressing the importance and necessity of law enforcement. Cf. *State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982), cert. denied, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), reh. denied, 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982), in which the state argued that a defendant did not deserve to breathe the same air as the widow of a homicide victim.

However, the argument in question was improper to the extent it attempted to coerce the jury by sympathy for the wife, *State v. Connor,* 252 S.W. 713 (Mo.1923), or by fear of public disapproval. 75 Am. Jur.2d Trial § 225 (1974). Also see 50 A.L. R.3d 8, Prejudicial Remarks—Victim's Age (1973).

But, such impropriety does not establish the defendant was entitled to a new trial. That argument was followed by this colloquy.

[DEFENSE COUNSEL]: Your Honor, I'll object to this. He's threatening the witnesses and he's going far beyond the scope of proper closing argument.

[PROSECUTING ATTORNEY]: Your Honor, I'm not threatening the witnesses.

**504**

THE COURT: You're not threatening the witnesses—

[DEFENSE COUNSEL]: I'm sorry, threatening the jurors.

THE COURT:—but do not proceed any further with that type argument though.

The action of the trial court was tantamount to sustaining the objection. No further relief was requested. "A litigant must make his request for the action or ruling he believes to be called for when the occasion for it first appears or the claimed error is waived." *State v. Ricks,* 642 S.W.2d 375, 377 (Mo.App.1982). Also see *State v. Farris,* 649 S.W.2d 554 (Mo.App. 1983); *State v. Dickerson,* 646 S.W.2d 884 (Mo.App.1983).

Nor may the defendant prevail upon the point under "plain error" review. Rule 29.12. "Ordinarily, alleged errors on closing argument do not justify relief under this standard unless they are determined to have a decisive effect on the jury." *State v. Murphy,* 592 S.W.2d 727, 732 (Mo. banc 1979). "[T]he trial judge viewed the closing argument and was in the best position to assess the impact it had upon the jury; ...." Id. By overruling the defendant's motion for new trial presenting this point, the trial court determined the brief, improper remark did not have such effect on the jury. This court determines the failure of the trial court to grant further relief *sua sponte* is not plain error. *State v. Seltzer,* 655 S.W.2d 75 (Mo.App.1983); *State v. Broomfield,* 637 S.W.2d 711 (Mo.App.1981); *State v. Ginnery,* 617 S.W.2d 117 (Mo.App. 1981).

Defendant's third point is that the trial court erred in refusing to grant a mistrial when the prosecuting attorney, in violation of an order sustaining a motion in limine, elicited from a witness testimony of the good character of the deceased. The sustained motion in limine prevented the state from introducing evidence on or commenting on or arguing the good reputation of the deceased.

During the direct examination of an eyewitness, the prosecuting attorney elicited the following: "Q. What did you think about John? A. Well, he was a good guy, he was—." Defense counsel then objected. He requested the jury be instructed to disregard the remark and a mistrial be granted. The court sustained the objection, instructed the jury as requested, but refused a mistrial.

A mistrial is a drastic remedy to be employed in extreme circumstances and when the prejudice can be removed no other way. *State v. Holt,* 695 S.W.2d 474 (Mo.App.1985); *State v. Grady,* 691 S.W.2d 301 (Mo.App.1985), cert. denied, — U.S. —, 106 S.Ct. 317, 88 L.Ed.2d 301 (1985). "This determination rests largely within the discretion of the trial judge who observed the incident and can best gauge its prejudicial effect upon the jury." *State v. Raspberry,* 452 S.W.2d 169, 173 (Mo.1970). The refusal of the request for a mistrial because of the fleeting reference was not an abuse of discretion. *State v. Anding,* 689 S.W.2d 745 (Mo.App.1985); *State v. Ward,* 680 S.W.2d 439 (Mo.App.1984). The third point is denied. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.