## 75571. BRUNDIDGE v. THE STATE.
### (363 SE2d 66)

Pope, Judge.

Defendant Isaac Brundidge appeals from his conviction and sentence of armed robbery.

Ms. Renfroe, the night clerk at the Edgewood Motel, testified that the perpetrator first entered the hotel at approximately 10:15 p.m., asked for a room and then left. He returned a few minutes later and stated that he wanted the room. Ms. Renfroe instructed him to complete a registration card, which he proceeded to do. When he placed his arms on the desk to complete the registration card, Ms. Renfroe noticed disfiguring scars on both of the perpetrator's arms. According to the testimony of Ms. Renfroe, the perpetrator then lifted his shirt, drew a revolver, pointed it at Ms. Renfroe and demanded money. Ms. Renfroe complied and the perpetrator fled. Ms. Renfroe subsequently identified the defendant as the perpetrator during both a photographic and stand-up lineup.

1. Defendant asserts the general grounds and argues that his conviction cannot be upheld under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), because his girl friend and others testified that they, along with the defendant, were at a friend's apartment on the night the robbery was committed. However, "it is well settled in this state that issues regarding credibility of witnesses must be resolved solely by the jury. *Davis v. White*, 168 Ga. App. 272, 273 (308 SE2d 602) (1983); see also *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985)." (Punctuation omitted.) *Tillman v. State*, 184 Ga. App. 210, 211 (361 SE2d 66) (1987). Moreover, each witness also testified that defendant was not at the apartment at the time the robbery allegedly occurred as the defendant and one Michael Brown left the apartment at approximately 10:00 p.m. in order to purchase more beer and liquor. We find, therefore, that construed so as to uphold the verdict, as we must on appeal, the evidence presented was sufficient to enable any rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt. See, e.g., *Proffitt v. State*, 181 Ga. App. 564 (1) (353 SE2d 61) (1987); *Felton v. State*, 181 Ga. App. 160 (1) (351 SE2d 488) (1986); *Dixon v. State*, 179 Ga. App. 278 (1) (346 SE2d 93) (1986).

2. The defendant also argues that the State impermissibly placed his character in issue by introducing evidence that defendant had been in that same courtroom on an earlier date. The record shows that the complained of remark was part of an extensive cross-examination by the State concerning a statement by the defendant that he had a very good memory as to where he was on certain dates. The prosecutor then questioned defendant as to his whereabouts on specified dates. When the defendant indicated that he could not recall where he was on June 21, 1985, the prosecutor responded: "You don't remember? What if I told you that you were in this very courtroom on that day?" A motion for mistrial was made on the ground that defendant's character was impermissibly placed into evidence by this question. The trial court denied the motion, and following a discussion with counsel, immediately instructed the jury that the question was solely for the purpose of testing the witness' memory and should be considered only for that purpose. " 'The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial.' (Citations and punctuation omitted.) *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985)." *Dixon v. State*, supra at 279.

Under the circumstances of the present case, in which the prosecutor did not indicate that defendant had been on trial for a criminal offense on the specified date and in which limiting instructions were immediately given to the jury, we find no abuse of discretion in the trial court's denial of defendant's motion. Accord *McDermott v. State*, 183 Ga. App. 693 (359 SE2d 750) (1987); *Davis v. State*, 182 Ga. App. 841 (2) (357 SE2d 294) (1987). Accordingly, this enumeration provides no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 16, 1987.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Martha M. Dicus, Assistant District Attorney*, for appellee.