## A90A0162. LITTLE v. THE STATE.
### (390 SE2d 445)

SOGNIER, Judge.

Sidney Little was indicted for murder and was convicted of involuntary manslaughter in the commission of an unlawful act and sentenced to ten years in prison. He appeals.

1. Appellant first raises the insufficiency of the evidence to support his conviction. The evidence adduced at trial showed that on the evening of April 8, 1989, appellant, the victim, Robert Swain, and several others were drinking at a club in Eatonton. Several witnesses testified that appellant and Swain argued, then physically struggled, and that during the struggle appellant pulled a gun from under his shirt and hit Swain on the side of the head. Witnesses testified that they

saw appellant point the gun in Swain's face and "snap" it. When Swain then pushed appellant backward into some trash barrels appellant shot Swain, who died immediately. Appellant admitted that he was carrying the gun and that Swain was unarmed, but testified that Swain was the aggressor; that he hit Swain with the gun in the hope that would stop him; and that the gun went off accidentally.

" 'On appeal of a conviction based on a jury verdict' the appellate court examines 'the evidence in a light most favorable to support that verdict' and resolves 'all conflicts in favor of the verdict.' [Cit.]" *Hosch v. State*, 185 Ga. App. 71 (1) (363 SE2d 258) (1987). Viewing this evidence in the light most favorable to the jury's verdict, we find the evidence sufficient to enable a rational trier of fact to convict appellant of involuntary manslaughter in the commission of an unlawful act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by allowing the prosecutor to ask him on cross-examination, over objection, whether the witnesses who testified that appellant had pointed the gun at Swain and snapped it were lying. Although, as pointed out by appellant, the truthfulness or veracity of a witness is solely within the province of the jury, *Brundidge v. State*, 184 Ga. App. 860 (1) (363 SE2d 66) (1987), and we have held that "[i]n no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth," *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988), we fail to see how the prosecutor's question violated these principles. Appellant's response to the question in no way "bolstered the veracity" of any witness, but merely emphasized the conflict in the evidence, which it was the jury's duty to resolve, and the trial court properly charged the jurors that they were "made by law the sole and exclusive judges of the credibility or believability of witnesses." We find no error here.

3. Appellant presents no argument or citation of authority regarding his third enumeration of error, and it is therefore deemed abandoned pursuant to this Court's Rule 15 (c) (2).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 30, 1990.

*Fierman & Nolan, Martin L. Fierman, James A. Nolan*, for appellant.

*Joseph H. Briley, District Attorney, James L. Cline, Assistant District Attorney*, for appellee.