**Michael D. ESTES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16657.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 6, 1990.

Rosalynn Koch, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was charged with second degree assault and armed criminal action. He pled guilty on March 13, 1989 and was sentenced to imprisonment of five years on one count and three years on the second count to be served consecutively. Movant filed a 24.035 motion on June 26, 1989. The state moved to dismiss the motion for not being filed within the time limits of Rule 24.035. The motion was granted and movant appeals.

■ In his point movant asserts error in denying his 24.035 motion because the deadlines of the rule denied him due process rights guaranteed by the Fourteenth amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution because the rule makes no provision for late filing if good cause can be shown.

This issue has been resolved by *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied, Walker v. State* (consolidated in *Day*), — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), and *Kunkel v. State*, 775 S.W.2d 579 (Mo.App.1989). The time limitations set out in Rules 24.035 and 29.-15 are valid and mandatory. *Day* at 695. Appellate review of a dismissal of either type of motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j); *Day* at 695.

■ Movant had 90 days after conviction and delivery to the custody of the Department of Corrections to file his motion. Rule 24.035(b). The conviction was entered on March 13, 1989, and movant was delivered to the Department of Corrections on March 20, 1989. His filing of the motion for postconviction relief on June 26, 1989, was later than 90 days after he arrived at the Department of Corrections.

The state's motion to dismiss, accompanied by proof of the date that movant was received by the Department of Corrections, was a proper procedure to challenge the timeliness of the motion. See *Bagby v. State*, 784 S.W.2d 877, 881 (Mo.App.1990).

Review of the record does not show that the trial court was clearly erroneous in denying appellant's 24.035 motion. The judgment of dismissal is affirmed.

MAUS, P.J., and CROW, J., concur.