STATE of Missouri,
Plaintiff–Respondent,

v.

Ricky PATTERSON,
Defendant–Appellant.

Ricky PATTERSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16322, 17038.

Missouri Court of Appeals,
Southern District,
Division One.

April 9, 1991.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Judith C. LaRose, Columbia, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant Ricky Patterson was convicted of rape, first-degree robbery and first-degree assault. He was sentenced as a prior and persistent offender to life imprisonment on each conviction. He filed a direct appeal from that conviction and a Rule 29.15 motion. The motion was denied after an evidentiary hearing. Patterson also appeals from that denial. Pursuant to Rule 29.15(*l*), the appeals have been consolidated.

Appellant presents two points relied on, the first contending that there was insufficient evidence to support his conviction in that the victim of the alleged rape "gave testimony at trial that was contradictory when viewed against statements previously made by the witness and accordingly required corroboration" which was not presented at trial.

■ Testimony of the victim is sufficient to sustain a rape charge without other corroboration unless that testimony is so contradictory or in conflict with physical facts, surrounding circumstances, and common experience as to make it unconvincing. *State v. Sipes*, 651 S.W.2d 659, 660 (Mo. App.1983); *State v. Johnson*, 595 S.W.2d 774, 776 (Mo.App.1980).

Corroboration of the victim's testimony is not necessary "unless the *victim's testimony* is so contradictory or in conflict with physical facts, 'surrounding circumstances and common experience, that its validity is thereby rendered doubtful.'" *State v. Daniel*, 767 S.W.2d 592, 593 (Mo.App.1989) (quoting from *State v. Harris*, 620 S.W.2d 349, 353 (Mo. banc 1981)).

■ In reviewing a contention that the evidence was insufficient to establish the crime charged we accept as true all the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Ogle*, 668 S.W.2d 138, 139 (Mo.App.1984).

■ The facts are stated in that light. The victim worked at a self-service gas station in Sikeston. She closed it at midnight and a few minutes later, as she was walking to her car, a man asked her if the station was closed. She said it was. Before she reached her car, he struck her and took money and other items from her. He then drove her to a field outside of town where she testified he beat and raped her. She identified the man as appellant.

Appellant was arrested at a truck stop at approximately 1:15 that morning. He was wearing wet and muddy blue jeans with no shoes, socks or shirt. He had in his possession fourteen credit cards issued to the victim and a check signed by her to the Board of Municipal Utilities. After appellant was jailed, a deputy went to the field

where the victim was found, and saw two sets of footprints. There were marks in the field indicating that a person had fallen down, and someone had tried to drag them. There, the deputy found appellant's socks, T-shirt and shirt and the victim's keys, purse, and items that had fallen from her purse.

The director of the regional crime laboratory testified that he received a "rape kit" reported to be from the victim. He examined it and found no evidence of spermatozoa or seminal fluid nor other evidence to indicate sexual contact. Appellant called as a witness a medical physician who treated the victim after the incident. He testified he did not do a vaginal examination.

"That the physician could find no evidence of trauma or secretions does not invalidate a rape conviction. Penetration, not ejaculation, is the proof of rape." *State v. Salkil*, 659 S.W.2d 330, 333 (Mo. App.1983). Corroboration is not necessary "where the inconsistency or even contradiction bears on a proof not essential to the case." *Id.*

Appellant contends the victim was contradictory because she told sheriff's officers she was raped while unconscious and told a man who found her along the road after the incident that she "had been robbed, beaten and attempted rape". The victim testified the defendant began the rape while she was conscious. She explained during cross-examination that the sexual intercourse started while she was being beaten and concluded while she was unconscious. The victim may have felt embarrassed by being raped and said rape was attempted.

The victim's testimony at trial was clear and uncontradictory. In view of the physical beating she had taken, the jury could have found that her statements immediately after the incident were justifiably confusing. The statements made to others by the victim are not enough to make her testimony so contradictory that corroboration was required. No inconsistency regarding the essential proof exists. Point I is denied.

The second point states that the trial court erred in denying appellant's Rule 29.15 motion because his trial counsel in the criminal trial rendered ineffective assistance by failing to investigate and interview an alibi witness and to call the alibi witness to testify.

The contention in Point II was first raised in an amended Rule 29.15 motion. The amended motion was filed beyond the time provided in Rule 29.15(f). The time limitations set forth in Rule 29.15 are valid and mandatory; failure to follow them constitutes a waiver of the right to proceed. See *Estes v. State*, 793 S.W.2d 205, 206 (Mo.App.1990); *Dayringer v. State*, 790 S.W.2d 522, 523 (Mo.App.1990); *Kunkel v. State*, 775 S.W.2d 579, 580 (Mo.App.1989).

Apparently out of an abundance of caution, the judge presiding over the hearing on the Rule 29.15 motion, considered the grounds stated in the amended motion. He found no merit in the contention stated in Point II. Although the trial court's conclusion appears well grounded in the record, we do not need to consider it. The contention in Point II was waived. That point is denied.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.