**STATE of Missouri, Plaintiff–
Respondent,**

v.

**David Allen SMITH, Defendant–
Appellant.**

**David Allen SMITH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 16966, 17831.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 9, 1993.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent in No. 16966 and for respondent in No. 17831.

Marcie W. Bower, Columbia, for defendant-appellant in No. 16966 and for movant-appellant in No. 17831.

PREWITT, Judge.

Following a jury verdict finding him guilty of attempted escape from confinement, kidnapping and armed criminal action, appellant was sentenced in accordance with the jury's recommendations. He appeals from those convictions. Appellant thereafter filed a motion under Rule 29.15, seeking to vacate the convictions. Following an evidentiary hearing and denial of the motion, he appealed. Those appeals were consolidated. Rule 29.15(*l*).

At the trial of the criminal charges, appellant testified and admitted the charges of attempted escape and armed criminal action, however, he denied the kidnapping charge. Appellant claimed the jailer, whom he held at gun point throughout most of his escape attempt, was with him willingly in exchange for $50,000.

■ Appellant presents two "Points Relied On", one pertaining to his direct appeal from the criminal action and one regarding his appeal from the denial of his Rule 29.15 motion. The point regarding appellant's appeal from the criminal conviction asserts that the trial court "plainly erred in failing to declare a mistrial, *sua sponte*," when certain comments were made by the prosecuting attorney during closing argument.

■ Plain error review under Rule 30.20 is proper when the error complained of creates such a substantial impact that manifest injustice or miscarriage of justice may result if left uncorrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986), cert. denied, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). Plain errors during closing argument do not justify relief under plain error unless they appear to have a decisive effect on the jury. *State v. Smith*, 731 S.W.2d 501, 504 (Mo.App.1987).

"An appellate court should rarely grant relief on assertions of plain error as to closing argument. [citation omitted] This is because, absent objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase in the risk of error by such intervention. [citation omitted] A holding that would require a trial judge to interrupt counsel during argument presents myriad problems."

*State v. Jackson*, 833 S.W.2d 888, 890 (Mo. App.1992).

Even if the prosecuting attorney's comments were improper, a question we do not decide, they were not such as would require a trial court to grant the drastic remedy of a mistrial. Point I is denied.

■ Appellant's second point, based on the trial court's denial of his Rule 29.15 motion, must also be denied. The motion, contrary to Rule 29.15(b), was not filed within 30 days after the filing in this court of the transcript of the criminal trial. "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15." Rule 29.15(b).

■ The time limitations in Rule 29.15 are valid and mandatory and failure to comply with them results in the loss of the right to file a Rule 29.15 motion. *Day v. State*, 770 S.W.2d 692, 694–5 (Mo. banc 1989), cert. denied, *Walker v. State* (consolidated in *Day*), 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Estes v. State*, 793 S.W.2d 205 (Mo.App.1990); *Dayringer v. State*, 790 S.W.2d 522 (Mo.App.1990).

■ The trial court held an evidentiary hearing and ruled the motion on its merits, however that does not prevent the respondent from now contending that the motion is invalid because it was not timely filed. The mandatory time limitations of Rule 29.15 apply and are to be enforced, even though an evidentiary hearing has been held. *Murphy v. State*, 796 S.W.2d 673, 674 (Mo.App.1990). Respondent may raise for the first time on appeal a contention that the movant did not comply with mandatory provisions in Rule 29.15. *See Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990), cert. denied, —— U.S. ——, 111 S.Ct. 2044, 114 L.Ed.2d 128 (1991). Point II is denied.

The judgments are affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.