A97A1482. MITCHELL v. THE STATE.
(491 SE2d 127)

BIRDSONG, Presiding Judge.

Andre Mitchell appeals his conviction of aggravated assault by shooting the averred victim, Morris, with a Colt pistol; he enumerates two errors. *Held*:

1. Relying upon *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347), appellant contends the trial court erred in not allowing

the defense to introduce in evidence the juvenile court adjudications of the witnesses Bacon and Kindley for impeachment purposes. We disagree.

The trial court's in camera inspection revealed the following: Although the witness Bacon had several juvenile petitions filed against him, they were all dismissed without adjudication; he had no "delinquency or unruly adjudications" whatsoever. There had been four petitions filed against the witness Kindley. Two of the petitions had been dismissed without adjudication. In 1993, a petition was filed against Kindley for loitering and obstruction of a law enforcement officer by fleeing; a second petition was filed against him for shoplifting. He was adjudicated delinquent in February 1993 on both petitions, but the adjudications were both dismissed after six months. Both of these incidents occurred before the incident giving rise to the aggravated assault charge here at issue. There is no pending adjudication or any form of probation pending against Kindley.

*Davis*, supra, held that a pending delinquency adjudication for burglary was admissible as a particular attack on a witness' credibility, i.e., an attack directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. *Davis*, supra, did not hold or suggest that the constitution conveys a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions. *Baynes v. State*, 218 Ga. App. 687, 690 (4) (463 SE2d 144), citing *Davis*, supra, concurring opinion at 321. In this case, neither juvenile witness was under probation or had any form of delinquency or unruly juvenile proceedings pending against him at the time he testified in the case at bar. The trial court did not err in refusing to allow appellant to cross-examine the witnesses regarding their past juvenile records. *Baynes*, supra; see also *Farley v. State*, 225 Ga. App. 687 (484 SE2d 711) (physical precedent only) (a dismissed charge or old conviction could not be the basis of a motive to shade or distort testimony); compare *McBee v. State*, 210 Ga. App. 182 (1) (435 SE2d 469).

2. Appellant asserts the trial court erred in not allowing appellant's counsel to ask a witness, Jerry Rogers, the following question on cross-examination: "If Patrick [Kindley] says he fired the weapon, does that change your opinion?" Appellant contends in this enumeration of error that this question was "in reference to Patrick [Kindley's] opinion that whoever started shooting was still firing all of the shots." At the point in time when this question was asked Kindley had not yet testified.

This question in its effect would cause the witness, Rogers, to engage in speculation regarding the weight and credibility to be

given to certain expected testimony of Patrick Kindley, who had not yet testified. Considering that the trial court allowed appellant great latitude in cross-examining this witness regarding his knowledge of the shooting incident and about his opportunity to view the defendant shooting the weapon, this is not a situation where the trial court cut off all inquiry regarding a subject that the defense was entitled to explore during a thorough and sifting cross-examination. This question did not directly seek information regarding the shooting incident from the witness, nor does appellant contend on appeal that the question was a necessary step in showing bias or prejudice against appellant by the witness; rather this question was posed presumptively to test the degree of certainty the witness had in the accuracy of his own trial testimony. Appellant was not prevented from exploring this latter avenue of inquiry by posing other effective questions directed to the witness to test his degree of confidence in his own testimony or as to the accuracy thereof. While the degree of certainty that a witness has in his own testimony is highly relevant and subject to searching inquiry during cross-examination, the weight and credibility which a witness attributes to the *expected* testimony of another witness generally are irrelevant as, when and if such other testimony occurs, its weight and credibility are a matter within the sole province of the factfinder. Where a trial court determines that proposed cross-examination would induce irrelevant testimony, the court does not abuse its discretion in denying such questioning. *Miller v. State*, 260 Ga. 191, 194 (6) (391 SE2d 642). Under the totality of the circumstances, we find that the trial court did not err in restricting appellant in asking the particular question here at issue.

Further, assuming without deciding that the trial court erred in restricting this line of inquiry on cross-examination, we find that such error is harmless in view of the overwhelming evidence of appellant's guilt and the high probability, arising from the state of the evidence, the scope of the permissible cross-examination of the witness, and the fact that this witness' testimony was substantially corroborative of the testimony of other eyewitnesses regarding who fired the shots at issue, that any error did not contribute to the verdict and judgment of conviction. Compare *Garcia v. State*, 267 Ga. 257, 259 (7) (477 SE2d 112); *Byrd v. State*, 262 Ga. 426, 427 (2) (420 SE2d 748); *Letlow v. State*, 222 Ga. App. 339, 343 (2) (474 SE2d 211).

For each of the above reasons, appellant's second enumeration of error is without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 8, 1997.

*John E. Pirkle*, for appellant.
*Dupont K. Cheney, District Attorney, Daniel E. Ellis, Assistant District Attorney*, for appellee.