A98A1624, A98A1625. GOLDEN v. THE STATE (two cases).
(505 SE2d 242)

JOHNSON, Presiding Judge.

Mark Anthony Golden and his brother Roderick A. Golden appeal their convictions of one count each of burglary, kidnapping and armed robbery, nine counts of possession of a firearm during the commission of a crime and six counts of aggravated assault.

1. The Goldens contend that the trial court erred in refusing to allow their counsel to cross-examine the witness Davis about previous testimony by the witness Culpepper. We disagree.

The Goldens' trial counsel posed a cross-examination question to Davis as follows: "If I told you a few minutes ago that . . . Culpepper sat in that very witness chair. . . ." The state interrupted and objected to the question on the grounds that Davis could not comment on evidence presented outside her presence. Pursuant to the trial court's directive, the Goldens' trial counsel repeated the question in its entirety. The question, as repeated was if "Culpepper had testified a certain way, would that change [the witness's] testimony." The trial court then sustained the objection to that form of the question.

The scope of cross-examination is within the trial court's discretion. *Thomas v. Clark*, 188 Ga. App. 606, 608 (4) (373 SE2d 668) (1988). We will not reverse a trial court's ruling limiting the scope of cross-examination in the absence of an abuse of discretion.

Culpepper testified that the person who was carrying the Uzi-type gun was wearing a solid black shirt and that person was Mark Golden. Subsequently, Davis testified that the man with the Uzi-type gun was wearing a dark striped shirt and the man with the handgun was wearing the solid black shirt. Regardless of counsel's intent, the effect of the posed question if answered would be to compel the testifying witness to comment on the veracity of the prior witness's testimony when the testifying witness had not heard the prior testimony and had not been present to observe the prior witness's courtroom demeanor. "[I]t is not the function of witnesses to determine the veracity of other witnesses." See *Cargill v. State*, 255 Ga. 616, 631 (17) (a) (340 SE2d 891) (1986) (trial court did not abuse its discretion

in placing limitations on defense counsel's cross-examination of state witnesses, as it is improper for counsel to ask whether another witness is lying); but compare *Tucker v. State*, 228 Ga. App. 321, 324 (2) (491 SE2d 420) (1997). In *Tucker*, this Court reached two holdings: first, the trial court did not err in overruling an objection to a prosecutor's cross-examination question, as asking defendant whether one of the police officers whose testimony was different from the defendant's was coming to court and lying merely emphasized a conflict in the testimony and did not bolster the veracity of any particular witness; secondly, presuming the trial court erred in allowing the question, the error was harmless. We find that the facts in *Cargill*, supra, are closer to the facts of this case and that the holding in *Cargill* is therefore controlling.

Moreover, the trial court did not issue a ruling totally forbidding the inquiry; rather, the objection was sustained only as to the form of the question. Trial counsel was free to explore this area of inquiry on cross-examination merely by a proper rephrasing of the question. The trial court did not abuse its discretion by sustaining an objection in effect to the form of the question. Compare *Mitchell v. State*, 228 Ga. App. 74, 75 (2) (491 SE2d 127) (1997) (trial court did not err in preventing appellant from asking: " 'If [the witness] says he fired the weapon, does that change your opinion?' "). *Hurston v. State*, 206 Ga. App. 570, 573 (3) (426 SE2d 196) (1992) (physical precedent only), where the trial court committed reversible error by refusing to allow defendant to cross-examine a key state witness regarding criminal charges pending against the witness, is factually distinguishable from this case.

2. The Goldens also contend the trial court erred in not granting their motion for directed verdict of acquittal based on lack of evidence and lesser included offenses. The Goldens specifically argued before the trial court that this motion should be granted because certain of the charges were lesser included offenses of other charges of which they had been convicted or otherwise merged with such other offenses. See generally OCGA §§ 16-1-6; 16-1-7.

(a) The burglary averred in Count 1 is not a lesser included offense either as a matter of law or fact of the offenses of kidnapping, armed robbery or aggravated assault. Not only are the elements and culpable mental state required of these crimes different, the facts also must differ to convict under the statute. See OCGA §§ 16-1-6; 16-1-7; *Williams v. State*, 178 Ga. App. 581, 592 (12) (344 SE2d 247) (1986); *Moore v. State*, 140 Ga. App. 824, 826-827 (2) (232 SE2d 264) (1976).

(b) None of the offenses of aggravated assault, kidnapping, armed robbery or burglary merge either as a matter of law or fact for the same reasons as stated in Division 2 (a), above. Each count relies

upon different facts to sustain a conviction. Compare *Howard v. State*, 230 Ga. App. 437, 438 (3) (496 SE2d 532) (1998).

(c) The various counts of possession of a firearm during the commission of a crime are not lesser included offenses of, and do not merge with, the offenses of burglary, kidnapping, armed robbery, or aggravated assault. "[T]here is express legislative intent to impose double punishment for conduct which violates both [OCGA § 16-11-106] and other felony statutes." (Citation and punctuation omitted.) *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983). OCGA § 16-11-106 (e) states that "Any crime committed in violation of subsections (b) and (c) of this Code section shall be considered a separate offense" from the offense of possession of a firearm during the commission of any of said crimes. The crimes encompassed by the broad language of OCGA § 16-11-106 (b) include offenses such as aggravated assault, armed robbery, kidnapping, and burglary. See generally OCGA § 16-11-106 (b) (1)-(3). Therefore the Goldens' contention that the possession of a firearm during the commission of a crime counts were lesser included offenses of the felony charges to which each relates is without merit. *Brown v. State*, 191 Ga. App. 875 (1) (383 SE2d 361) (1989); *McMachren v. State*, 187 Ga. App. 793, 796 (4) (371 SE2d 445) (1988); see *Baker v. State*, 214 Ga. App. 640, 641 (3) (448 SE2d 745) (1994).

A motion for a directed verdict of acquittal in a criminal case should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). For reasons discussed above, there exists no legal basis for granting a directed verdict based on a claim of failure to merge or that any count here at issue was a lesser included offense of another count in the Goldens' indictments. The proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the "reasonable doubt" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889) (1991). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Harris v. State*, 222 Ga. App. 56, 57 (2) (473 SE2d 229) (1996); *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that the Goldens were guilty of the offenses of which they were found guilty. *Jackson v. Virginia*, supra. All of the Goldens' contentions in support of this enumeration of error are without merit. The trial court did not err in

denying the Goldens' motion for directed verdict of acquittal.

*Judgments affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1998.

*Long & Denton, Allen D. Denton*, for appellant (case no. A98A1624).

*Edwards & Edwards, H. B. Edwards III*, for appellant (case no. A98A1625).

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.