## A92A2415. SUMLIN v. THE STATE.
(427 SE2d 868)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of armed rob-

bery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant urges the unconstitutionality of OCGA § 16-8-41 (a), the statute which defines the crime of armed robbery. Accordingly, the first issue for resolution is whether it is this court or the Supreme Court which has jurisdiction over the instant appeal.

A review of the record shows that an attack on the constitutionality of the statute was neither made nor ruled upon below. "It is well settled that the [Supreme] [C]ourt will not pass upon the constitutionality of a statute when the question has not been raised at the trial level. [Cit.]" *Arp v. State*, 249 Ga. 403 (1) (291 SE2d 495) (1982). Accordingly, jurisdiction is clearly in this court and the instant appeal need not be transferred to the Supreme Court.

2. The victim's testimony authorized a finding of armed robbery. See *Moody v. State*, 258 Ga. 818, 819 (1) (375 SE2d 30) (1989); *Hughes v. State*, 185 Ga. App. 40 (363 SE2d 336) (1987). Compare *Tate v. State*, 191 Ga. App. 727 (2) (382 SE2d 688) (1989). However, the victim's same testimony also authorized a finding of robbery by intimidation. OCGA § 16-8-41 (a) "unequivocally provides that robbery by intimidation is a lesser included offense in the offense of armed robbery, and it necessarily follows that evidence authorizing a conviction of robbery by the use of an offensive weapon would authorize a conviction of robbery by intimidation." *Holcomb v. State*, 230 Ga. 525, 527 (198 SE2d 179) (1973). Accordingly, the trial court charged on robbery by intimidation as a lesser included offense. Relying upon *Johnson v. State*, 195 Ga. App. 56, 57 (1b) (392 SE2d 280) (1990), appellant requested an additional instruction, which was to the effect that the victim's testimony would be sufficient to authorize a finding of intimidation. The trial court's refusal to give this requested additional instruction is enumerated as error.

*Johnson v. State*, supra at 57 (1b), merely discusses the sufficiency of the evidence to authorize a conviction for robbery by intimidation. It does not purport to authorize any jury instruction in an armed robbery case. "It is well established that language which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. [Cits.]" *Lofton v. State*, 157 Ga. App. 447, 448 (1) (278 SE2d 94) (1981). In the instant case, a charge to the effect that the victim's testimony would be sufficient to authorize a finding of robbery by intimidation would certainly be argumentative and incomplete, since the victim's same testimony was also sufficient to authorize a finding of armed robbery. "From the charge as a whole it was made clear to the jury that they were to consider all of the evidence. It was therefore not incumbent upon the trial judge, even after request, to specifically point out particular evidence in behalf of [appellant] which the jury should specially con-

sider. . . . 'A request to charge the jury must be correct and even perfect; otherwise refusal to give it is not error. It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence.' The imperfection inherent in the argumentative character of [appellant's request], which [is] more adjusted to the exhortation of counsel than to the impartial clarity which should characterize the instructions of the court, is sufficient reason for [its] refusal." *Balark v. State*, 81 Ga. App. 649, 653-654 (1c) (59 SE2d 524) (1950). It follows that there was no error in the trial court's refusal to give the requested instruction.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 19, 1993.

*Wade H. Everett*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Rebecca B. Tierce, Assistant District Attorneys*, for appellee.