## A98A0038. HOWARD v. THE STATE.
### (502 SE2d 292)

RUFFIN, Judge.

A jury found Tommy L. Howard guilty of aggravated assault (OCGA § 16-5-21) and driving under the influence of alcohol (OCGA § 40-6-391). The trial court denied Howard's motion for new trial. Howard appeals and, in his sole enumeration of error, contends that the trial court erred in denying his motion for new trial because he was denied effective assistance of trial counsel. We affirm.

The record shows that Officer Adams, while on routine patrol, observed a car followed closely by a van. Both vehicles exited a private driveway at a high rate of speed. The officer followed and observed both the car and the van run a stop sign. When the car approached a second stop sign and applied its brakes, the van still following did not stop. As a consequence the van rammed into the car. As Adams approached, Howard got out of the van and the victim got out of the car. The victim was screaming and noticeably afraid of Howard. Officer Adams testified that Howard was boisterous and uncontrollable; Howard used profane language and continually tried to attack the victim even though Adams was standing between them. The victim indicated that Howard intended to hit her car because he was angry with her. Based on the victim's statement and the fact he did not see the van's brake lights come on, Officer Adams concluded Howard intended to strike the victim's car. Howard did not advise the officer that it was an accident or that the van's brakes were defective. The record further shows that during his investigation of the collision Officer Adams administered an alco-sensor test to both Howard and the victim. Howard's alco-sensor test showed that he had alcohol in his system.

"Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under the *Strickland* formula, defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. The failure to establish either element of the test will result in the denial of defendant's claim of ineffective coun-

sel." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992). "'[A] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' [Cit.]" *Riser v. State*, 222 Ga. App. 348, 349 (474 SE2d 632) (1996).

1. Howard contends that trial counsel was ineffective because he failed to object to a State witness' testimony that disclosed his alco-sensor test results or move for a mistrial or curative instruction regarding the introduction of the test results. The subject testimony was elicited by the prosecutor during direct examination of the victim: "Q. Okay. And, you don't remember acting frightened and afraid there at the scene? A. You know what I was afraid of? [Q.] Yeah. A. When he put Mr. Howard in the car, I begged him not to take him to jail because he registered .9; I'm registering a .7. Why — why didn't he take me? That's the only thing I asked him."

In addition to the foregoing evidence of Howard's test results, other evidence at trial showed that Howard drank alcohol on the date the incident occurred. Officer Adams testified that he detected an odor of alcohol about Howard's person. The victim testified that they both drank alcohol on the day of the incident. Likewise, Howard admitted to drinking alcohol.

At the motion for new trial hearing, Howard's trial counsel testified that the victim's statement concerning the test results appeared to be an unresponsive answer. He explained that he did not object because there was other testimony about Howard's consumption of alcohol, and he thought the statement was merely cumulative of the other evidence and therefore harmless. In light of this other evidence, trial counsel testified that he decided to concentrate on the more serious charge of aggravated assault. Clearly, trial counsel's explanation was one of trial strategy motivated by a desire to focus upon the charge of aggravated assault. "Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight, result, or how another lawyer may have conducted the defense." *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994). Consequently, the trial court's denial of Howard's motion was not clearly erroneous. Id.

2. Howard also contends that his trial counsel was ineffective because he failed to present expert testimony about the condition of the van's brakes at the time the incident occurred.

At the motion for new trial hearing, Howard's trial counsel testified that Howard told him about the defective brakes prior to trial and identified Randy Michaels as the individual who could verify that the brakes were defective at the time of the collision because Michaels checked the brakes the day after the collision. But trial counsel's interview of Michaels revealed that Michaels never checked

the brakes. Trial counsel further testified that he did not have a mechanic check the brakes himself because so much time had passed between the date of the incident and the date he was appointed to the case. Furthermore, Howard failed to introduce any evidence that an expert witness would have testified that the brakes were defective.

"In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a [defendant] is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case. '(T)he failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [Howard] failed . . . to make any proffer of the uncalled [witness'] testimony, it is impossible for [him] to show there is a reasonable probability the results of the proceedings would have been different.' " *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Accordingly, ineffective assistance is not shown under these circumstances. *Strickland*, supra.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 4, 1998 — ▮▮▮▮▮▮▮▮

*Sidney P. Wright*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.