## A98A2177. LETSON v. THE STATE.
### (512 SE2d 55)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of trafficking in methamphetamine, possession of more than one ounce of marijuana, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony and possession of a pistol with an altered serial number. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court erred in denying his

motion for continuance based ·on the absence of a witness, Melissa Heath. According to defendant's trial attorney, a private investigator reported that Melissa Heath would testify that defendant's accomplice (Jennifer McDaniel) owned or possessed two handguns that were found in the hotel room where defendant was arrested. Defendant's trial attorney also stated that this private investigator gave him information indicating that Melissa Heath's testimony would impeach a witness (Casper Heath, apparently also known as John Wayne Heath) who testified that defendant owned the handguns that were found at the crime scene.

OCGA § 17-8-25 provides, among other things, that applications for continuance based on the absence of a witness must be accompanied by a showing that the absent witness's testimony is material. "Each of the named requirements must be met before the appellate court will review the trial court's discretion in denying the motion for continuance based upon the absence of a witness. *Tomlin v. State*, 170 Ga. App. 123 (316 SE2d 570); *Brown v. State*, 169 Ga. App. 520 (313 SE2d 777). The trial court has discretion in determining whether to grant a continuance for absence of a witness, and that discretion is not abused unless all of the requisites of OCGA § 17-8-25 are shown and the trial court still denied a continuance. *Watts v. State*, 142 Ga. App. 857 (237 SE2d 231); *Smith v. State*, 120 Ga. App. 448 (170 SE2d 832); *Frost v. State*, 91 Ga. App. 618 (86 SE2d 646)." *Luttrell v. State*, 176 Ga. App. 508 (3) (336 SE2d 369).

Although defendant claims that his trial attorney satisfied OCGA § 17-8-25's requirements for a continuance based on the absence of a witness, defendant failed to call the absent witness, Melissa Heath, at a hearing that was conducted on his motion for new trial. Defendant, thus, failed to substantiate his trial attorney's reliance on a private investigator's report that Melissa Heath's testimony was material to defendant's defense. Under such circumstances, we cannot say the trial court abused its discretion in denying defendant's motion for continuance based upon the absence of a witness.

2. Defendant claims his trial attorney was ineffective because he failed to have Melissa Heath appear at trial to testify. " 'In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a (defendant) is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case. "(T)he failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [defendant in the case sub judice] failed . . . to [call the absent witness, Melissa Heath, at the hearing

on his motion for new trial so as to substantiate the private investigator's report to defendant's trial attorney that Melissa Heath's testimony would be material to defendant's defense], it is impossible for [defendant] to show there is a reasonable probability the results of the proceedings would have been different." ' *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Accordingly, ineffective assistance is not shown under these circumstances. *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674)]." *Howard v. State*, 232 Ga. App. 430, 431 (2), 432 (502 SE2d 292).

The trial court in the case sub judice did not err in denying defendant's motion for new trial based on defendant's ineffective assistance of counsel claim.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Lambros & Lambros, Michael G. Lambros,* for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney,* for appellee.