A01A1523. JACKSON v. THE STATE.
(554 SE2d 202)

MIKELL, Judge.

Michael Leon Jackson was convicted of four counts of child molestation based on incidents involving his two stepdaughters. The trial court denied his motion for new trial, and this appeal followed. Jackson argues that the court improperly expressed an opinion by posing questions to a defense witness and that his counsel rendered ineffective assistance. We disagree and affirm.

The record shows that in 1996 Jackson married Effie Mae Hamm, who had two daughters, T. H., age ten, and J. H., age six. Initially, Jackson and his wife slept in a pickup truck covered with a "camper" parked outside the family home, while the children slept inside. In 1998, Hamm underwent surgery and began sleeping in the house during her recuperation. Her daughters took turns sleeping with Jackson in the pickup truck.

T. H. testified that around the time of her eleventh birthday, on a night when she was sleeping in the truck with Jackson, he reached under her nightgown and panties and inserted his fingers into her vagina. She further testified that Jackson placed her hand on his erect penis. T. H. testified that she did not tell anyone what Jackson had done because she was afraid.

The record further shows that the family moved to an apartment complex several months later. T. H. testified that on one occasion, Jackson climbed into her bed at the apartment, put his hand inside her panties, and fondled her vagina. T. H. also described a third inci-

dent in the summer of 1998 when Jackson took T. H. and J. H. on a trip to Florida. T. H. testified that Jackson touched her vagina while she slept in the truck with J. H.

There was evidence that Jackson also molested J. H. She testified that on a day she stayed home from school, she was sleeping in the living room when Jackson lay down next to her, reached inside her underwear, and rubbed her "private area" with his hand. When presented with a diagram, J. H. indicated that Jackson touched her vaginal area.

In December 1998, after T. H. learned that Jackson had also molested her younger sister, T. H. told a school counselor that her stepfather had touched her. The counselor contacted the authorities, and Jackson was arrested.

1. On appeal, Jackson first argues that his conviction should be reversed because the trial judge intimated his opinion as to Jackson's guilt in violation of OCGA § 17-8-57 when he questioned a defense witness. We reject this argument.

Rufus Ray, Hamm's teenaged son, testified that his half-sisters, T. H. and J. H., his grandmother, a male cousin, and his brother all resided in the home with Jackson and Hamm before the family moved to an apartment. Ray further specified where each family member slept in the crowded home. After defense counsel and the state had an opportunity to examine the witness, the court stated, "I want to make sure I understand the sleeping arrangements out on Bethel Road." The court proceeded to ask Ray to explain again where the family members slept and inquired why the young girls were required to sleep outside in the truck with Jackson.

According to OCGA § 17-8-57, it is error for a judge to "express or intimate his opinion as to what has been proved or as to the guilt of the accused." Jackson does not specify what portion of the court's examination constitutes a violation of OCGA § 17-8-57; rather, he simply argues that the jury could have determined that the judge was suspicious of the sleeping arrangements.

Contrary to Jackson's argument, the court's straightforward inquiries were not an improper expression of its opinion of the case. See *Denny v. State*, 226 Ga. App. 432, 435 (10) (486 SE2d 417) (1997). Unlike the judge in *Paul v. State*, 272 Ga. 845, 846 (1) (537 SE2d 58) (2000), who "intimated his opinion as to the credibility of witnesses and the guilt of the defendant," the court in the case sub judice simply asked Ray to clarify his testimony regarding the sleeping arrangements in the home, without commenting on the evidence or the guilt of the defendant.

It is well settled that a trial court may question a witness in order to develop the truth of a case. *Eagle v. State*, 264 Ga. 1, 3 (3) (440 SE2d 2) (1994).

Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or series of questions to any witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion.

*Calloway v. State*, 199 Ga. App. 272, 274-275 (7) (404 SE2d 811) (1991), citing *Eubanks v. State*, 240 Ga. 544, 546-547 (2) (242 SE2d 41) (1978). We find no abuse of discretion in the case at bar.

Furthermore, at the close of the trial, the judge charged the jury as follows:

[D]uring the course of the proceedings, I asked a question or two of the witnesses and so on. And I want to give you this instruction. By no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of this case. . . . [W]hatever the facts of this case are, is a matter for you, the jury, to decide. The court has not intended to express any opinion, ladies and gentlemen, upon the credibility of the witnesses. . . . [T]he issue of credibility of witnesses and believability of witnesses and the weight to be given their testimony is a matter entirely for you, the jury, to decide.

Accordingly, we conclude that the court did not violate OCGA § 17-8-57. See *Hunt v. State*, 247 Ga. App. 464, 469 (5) (542 SE2d 591) (2001).

2. Next, Jackson argues that he was denied effective assistance of counsel. Jackson's trial counsel withdrew from the case following the verdict, and his present attorney filed an amended motion for new trial alleging ineffective assistance of counsel. Following a hearing, the court denied Jackson's motion for new trial. We affirm.

In order to establish ineffective assistance of counsel, Jackson must show that his trial counsel's performance was deficient and establish a likelihood that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Zant v. Moon*, 264 Ga. 93, 97 (2) (440 SE2d 657) (1994). Trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of counsel's performance must be highly deferential. *Pace v. State*, 239 Ga. App. 506, 510 (7) (521 SE2d 444) (1999).

Jackson argues that his trial counsel's performance was deficient

because she did not object to the court's examination of Ray or move for a mistrial following the court's colloquy with the witness. Jackson erroneously contends that counsel's failure to object rendered the argument waived and not subject to appellate review.

Counsel's failure to object did not prejudice Jackson's defense, as the allegation of a violation of OCGA § 17-8-57 is subject to appellate review under plain error analysis. *Paul,* supra at 848-849 (3). Moreover, as we concluded in Division 1, the trial court did not improperly express its opinion in this case. Thus, defense counsel's failure to object did not constitute deficient performance. Accordingly, the trial court did not err in denying Jackson's motion for new trial on this ground.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 9, 2001.

*April Dabney-Froe,* for appellant.
*Richard R. Read, District Attorney,* for appellee.