A01A2238. BISHOP v. THE STATE.
(555 SE2d 504)

ELDRIDGE, Judge.

This is the second appearance of this case before this court. In *Bishop v. State*, 241 Ga. App. 517 (526 SE2d 917) (1999) (*Bishop I*), we reversed the superior court's order denying defendant Kyle Richard Bishop's motion to suppress audiotaped recordings made by the

---

parents of the underage[1] victim of her conversations with the defendant. Subsequently, a Cobb County jury convicted the defendant of child molestation[2] (Count 1), aggravated child molestation[3] (Counts 2 and 3), and aggravated sexual battery[4] (Count 4). The defendant was sentenced consecutively and concurrently to 40 years confinement, to serve 30, and the remainder probated upon the underlying facts as set out in *Bishop I*. The defendant now appeals, contending that the superior court erred: (1) in admitting the testimony of the victim's mother as to a telephone conversation she overheard between the victim and the defendant, a recording of which we suppressed in *Bishop I*; (2) in refusing to admit defendant's Exhibit 3, a typewritten note to the defendant purportedly signed by the victim, for confusing the question of the note's admissibility with its authenticity as written by the defendant; and (3) in not admitting testimony that the victim had previously been molested upon expert State's testimony describing the victim as exhibiting characteristics consistent with having earlier been sexually abused as a child. For the reasons that follow, we affirm.

1. The General Assembly amended OCGA § 16-11-66, effective April 20, 2000, permitting parents, as third parties, to intercept and tape telephone conversations to which their children are parties upon a "reasonable or good faith belief that such conversation . . . is evidence of criminal conduct involving such child as a victim or an attempt, conspiracy, or solicitation to involve such child in criminal activity affecting the welfare or best interest of such child." OCGA § 16-11-66 (d);[5] *Malone v. State*, 246 Ga. App. 882, 884-885 (541 SE2d

---

[1] At the time of the offenses the victim was 13.

[2] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

[3] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

[4] "A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b).

[5] OCGA § 16-11-66 (d) provides:
The provisions of this article shall not be construed to prohibit a parent or guardian of a child under 18 years of age, with or without the consent of such minor child, from monitoring or intercepting telephonic conversations of such minor child with another person by use of an extension phone located within the family home . . . for the purpose of ensuring the welfare of such minor child. If the parent or guardian has a reasonable or good faith belief that such conversation . . . is evidence of criminal conduct involving such child as a victim or an attempt, conspiracy, or solicitation to involve such child in criminal activity affecting the welfare or best interest of such child, the parent or guardian may disclose the content of such telephonic conversation . . . to the district attorney or a law enforcement officer. A recording or

431) (2000). The defendant correctly argues that OCGA § 16-11-62 makes it "unlawful for . . . [a]ny person in a clandestine manner intentionally to overhear, transmit, record or attempt to overhear, transmit, or record the activities of another which occur in a private place and out of public view." OCGA § 16-11-62 (1). However, the defendant errs insofar as he further asserts that the 2000 amendment .cannot be applied retroactively to the 1996-1997 offenses of which he was convicted.

> While OCGA [§ 16-11-66 (d)] was passed after the commission of the offense[s] for which [defendant] was tried, it did not inflict greater punishment than was permitted by the law in effect at the time of the offense[s]; it did not make criminal an act which was innocent when done; it did not change the quality or degree of [defendant's] offense; it did not require less or different evidence than required at the time of the offense; and it did not deprive [defendant] of any substantial right or immunity he possessed at the time of the offense. See *Todd v. State*, 228 Ga. 746, 751-752 (187 SE2d 831) (1972).

*Love v. State*, 271 Ga. 398, 399 (1) (517 SE2d 53) (1999). The sole effect of the amendment was to make evidence admissible in a criminal case which would not have been admissible at the time the offense was committed. *Todd v. State*, supra at 751. There is no claim that the victim's mother lacked a proper basis to monitor surreptitiously the complained-of telephone conversation in this case, and, by its own terms, OCGA § 16-11-66 (d) authorizes the parents of minor children under 18 to monitor *or* intercept the telephone conversations of such children, with or without their consent. Accordingly, the superior court properly gave retroactive effect to OCGA § 16-11-66 (d); *Price v. State*, 269 Ga. 222, 225 (4) (498 SE2d 262) (1998); *State v. Martin*, 266 Ga. 244, 245-246 (3) (466 SE2d 216) (1996), and no error resulted upon admitting the mother's testimony as to her daughter's telephone conversation with the defendant.

2. The superior court did not err in refusing to admit defense Exhibit 3. The burden of proving the authenticity of a writing rests upon the party introducing it. OCGA § 24-7-1; *Anderson v. Cuthbert*, 103 Ga. 767, 773 (30 SE 244) (1898); *State v. Smith*, 246 Ga. 129 (269

---

other record of any such conversation or communication made by a parent or guardian in accordance with this subsection that contains evidence of criminal conduct involving such child as a victim or an attempt, conspiracy, or solicitation to involve such child in criminal activity shall be admissible in a judicial proceeding except as otherwise provided in subsection (b) of this Code section.

SE2d 21) (1980). The defendant failed to meet his burden in this regard. On cross-examination, the victim denied having written the exhibit in issue. Further, although she conceded that the signature thereon looked like her own, the victim testified that she had not signed the writing.

3. The defendant also asserts that he should have been allowed to present evidence as to a prior molestation of the victim by a family member. However, "[e]vidence of prior molestation or previous sexual activity on the part of the victim is not relevant in a . . . molestation case to show either the victim's reputation for nonchastity or his [or her] preoccupation with sex. [Cits.]" (Punctuation omitted.) *Duncan v. State*, 232 Ga. App. 157, 163 (5) (500 SE2d 603) (1998). "[A]n exception to this exclusion may be authorized when the State introduces . . . evidence . . . that the child has been sexually abused [in the past] or when the State presents evidence that the child exhibits symptoms of the [child] abuse accommodation syndrome. [Cit.]" *Rocha v. State*, 248 Ga. App. 53, 56 (2) (545 SE2d 173) (2001). Here the State presented neither medical evidence showing that the victim had been molested nor evidence showing that she had indicated symptoms consistent with the child abuse accommodation syndrome. As a result, the exception was inapplicable and inquiry into the victim's sexual history was properly precluded under OCGA § 24-2-3 (b).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 15, 2001 —
RECONSIDERATION DENIED OCTOBER 31, 2001 —

*Brenda J. Bernstein*, for appellant.
*Patrick H. Head, District Attorney, Eleanor A. Kornahrens, Dana J. Norman, Assistant District Attorneys*, for appellee.