A04A1480. OVERBY v. THE STATE.
(605 SE2d 870)

BARNES, Judge.

Lonnie Howard Overby appeals his convictions of aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, discharging a pistol on a public street, and giving a false name to a law enforcement officer. A jury found Overby guilty on all counts, and he was sentenced to twenty years for aggravated assault, with five years to serve concurrently for possession of a firearm by a convicted felon, and five years

to serve consecutively for possession of a firearm during the commission of a crime. He was also sentenced to 12 months each for discharging a pistol on a public street and giving a false name to a law enforcement officer, to run concurrently with the aggravated assault charge. After his motion for a new trial was denied, Overby filed this appeal.

Overby contends that the evidence was insufficient to sustain his conviction. He also alleges ineffective assistance of counsel. For the reasons following, we affirm.

On appeal, we view the evidence in the light most favorable to the verdict and Overby no longer enjoys the presumption of innocence. Further, we determine the sufficiency of the evidence, but neither weigh the evidence nor judge the credibility of the witnesses, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in support of the verdict, the evidence shows that the victim was walking down the street when a car pulled up alongside of him. Overby was a passenger in the car and asked the victim if he had any drugs for sale. When the victim answered affirmatively, Overby asked him to get in the car. After Overby tasted the drugs, he pulled out a gun and demanded that the victim give him the drugs. Although the victim surrendered the drugs, Overby shot him and a struggle for the gun ensued. The victim jumped out of the vehicle to escape. When police apprehended Overby, he told them his name was Steve Dills.

1. Overby contends that the trial court erred in deciding that there was sufficient evidence for the jury to enter a guilty verdict. Overby claims that the State's witnesses lacked credibility, and thus the evidence was insufficient.

Viewed in the light most favorable to the verdict, we are satisfied that a rational trier of fact could have found Overby guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Overby contends that the trial court erred in denying his motion for a new trial based on the ineffective assistance of counsel. He claims that trial counsel was ineffective because he failed to call a certain witness.

Overby testified at the motion for new trial hearing that he told trial counsel that he did not commit the crime. He said that he told counsel that the victim and Shane Morgan, who was also in the car, had struggled over a gun, and that Morgan had shot the victim. Morgan was the victim of a homicide before he could be interviewed by Overby's counsel. Overby contends that he told trial counsel about Morgan in late October or early November 2001, and Morgan was not killed until August 2002. He argues that trial counsel was deficient for not talking to Morgan before his death.

Trial counsel testified that he talked with Overby about Morgan, and asked him if Morgan would admit to shooting the victim, and Overby said no. He said that he had no indication that Morgan would say anything to exonerate Overby. And, further, lab reports showed that Overby had a high level of gunpowder residue on his hands consistent with having been in contact with a recently fired gun. Trial counsel also testified that he did not have an address or telephone number for Morgan, and that he "wouldn't have assumed that [Morgan] would be killed within a short period of time."

Overby has the burden of establishing that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). He also has to show there was a reasonable probability the result of his trial would have been different, but for his counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988).

When determining the prejudicial effect of counsel's failure to call a witness, a defendant must make an affirmative showing that specifically demonstrates how counsel's failure affected the outcome of his case. *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999). Trial counsel's failure to call a witness cannot be deemed "prejudicial" without a showing that the witness's testimony would have been relevant and favorable to the defendant. Id.

The driver was the only other witness to the events in the car, and she testified at trial that Overby shot the victim. Because Overby presented no evidence to substantiate his claim that Morgan's testimony would have been material to his defense, "it is impossible for [Overby] to show there is a reasonable probability the results of the proceedings would have been different." *Letson v. State*, supra, 236 Ga. App. at 342. Under these circumstances, ineffective assistance has not been shown.

Moreover, decisions regarding which witnesses to call and all other tactical and strategic decisions are the exclusive province of the lawyer after consultation with the client. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). And decisions regarding matters of trial strategy, whether wise or unwise, do not constitute ineffective assistance of counsel. *Whitehead v. State*, 258 Ga. App. 271, 278 (6) (b) (574 SE2d 351) (2002).

Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 21, 2004.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.