## A05A1538. ZEPP v. THE STATE.
### (623 SE2d 569)

Barnes, Judge.

Following the denial of her motion for new trial, Rhonda Zepp appeals her convictions for rape, two counts of incest, four counts of child molestation, and aggravated child molestation for acts perpetrated against her five-year-old son and nine-year-old daughter. Zepp's husband was the co-defendant in her trial; however, his related appeal was dismissed by this Court. Zepp brings numerous enumerations on appeal. Following our review of the voluminous record, and discerning no reversible error, we affirm.

On appeal, the evidence must be viewed in the light most favorable to the verdict. *Davenport v. State*, 255 Ga. App. 593 (1) (565 SE2d 900) (2002). Zepp no longer enjoys the presumption of innocence, and the appellate court determines only the sufficiency of the evidence. Moreover, this court does not judge the credibility of the witnesses. Id.

1. Zepp contends that the evidence was insufficient to support the rape verdict. She argues that there was no evidence that she aided or abetted her husband in raping their daughter. We do not agree.

OCGA § 16-6-1 (a) (1) provides that one "commits the offense of rape when he has carnal knowledge of . . . [a] female forcibly and against her will." Further, under OCGA § 16-2-20 (b), one who intentionally aids or abets in the commission of the crime, or advises, encourages, or counsels another to commit the crime is equally guilty with the principal. *Robinson v. State*, 246 Ga. App. 576, 578 (1) (541 SE2d 660) (2000). The evidence of Zepp's intentional, active involvement in her daughter's rape was sufficient to support her convictions.

Evidence presented at the trial established that Zepp and her husband were both active participants in the sexual acts committed against her daughter. The daughter testified that her mother told her to take her clothes off and was present when her father had sex with her. She testified that her father would put his penis in her vagina and in her mother's, and that her mother had sex with her younger brother while her father had sex with her. She also testified that she did not want to have sex with her father.

Based on Zepp's conduct, and "[c]onstruing the evidence in the light most favorable to the verdict, any rational trier of fact could have found that [Zepp] was a party to [her husband's] forcible rape of her daughter." *Spivey v. State*, 272 Ga. App. 224, 227 (1) (612 SE2d 65) (2005).

2. She next argues that the State failed to prove the element of force as to the rape and aggravated sexual battery convictions. We do not agree.

> [U]nder OCGA § 16-6-1 (a), a person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. . . . [T]he terms "forcibly" and "against her will" are two separate elements of proving rape. The term "against her will" means without consent; the term "forcibly" means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation. The state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age. However, the *quantum of evidence to prove force against a child is minimal*, since physical force is not required. Intimidation may substitute for force. Further, force may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is force, and may be shown by the [child's] state of mind from her prior experience with [her parents] and subjective apprehension of danger from [them].

(Citations omitted; emphasis in original.) *Pollard v. State*, 260 Ga. App. 540, 542-543 (3) (580 SE2d 337) (2003).

Here, there was evidence that Zepp told the daughter that she would be spanked or punished if she told anyone what was happening. The daughter testified that she had received a "bad whipping" when her parents found out that her brother reported the sexual abuse. She also testified that she was made to have sex with her father, and that Zepp ordered her to take her clothes off. This evidence was sufficient for the jury to find the element of force necessary to support the rape conviction. *Roberts v. State*, 242 Ga. App. 621, 624 (1) (b) (530 SE2d 535) (2000).

Contrary to Zepp's contention, force is not an element of the offense of aggravated sexual battery. Aggravated sexual battery is committed when a person intentionally penetrates with a foreign object other than the sexual organ of a person the sexual organ of another without the consent of that person. OCGA § 16-6-22.2 (b). "Foreign object" is statutorily defined as "any article or instrument other than the sexual organ of a person." OCGA § 16-6-22.2 (a). Zepp

was indicted for intentionally penetrating "the sexual organ of [her daughter] with a foreign object, to wit: a vibrator, without the consent of said victim."

The daughter testified that her mother had a "pink thing that vibrates" which her mother inserted into the child, and which "hurt badly." This evidence supported the jury's conclusion that Zepp engaged in the act of aggravated sexual battery by penetrating her daughter's vagina with a foreign object, specifically, a vibrator.

3. Zepp next argues that the trial court erred in refusing to admit evidence of the daughter's prior sexual molestation. The State filed a motion in limine to exclude evidence that the babysitter may have molested the child, and that the child had previously disclosed that the babysitter molested her. The trial court granted the motion, finding that no exceptions applied that would authorize Zepp's use of a prior molestation or sexual experience.

> [E]vidence of prior molestation or previous sexual activity on the part of the victim is not relevant in a molestation case to show either the victim's reputation for nonchastity or his or her preoccupation with sex. An exception to this exclusion may be authorized when the State introduces evidence that the child has been sexually abused in the past or when the State presents evidence that the child exhibits symptoms of the child abuse accommodation syndrome. Here the State presented neither medical evidence showing that the victim had been molested nor evidence showing that she had indicated symptoms consistent with the child abuse accommodation syndrome. As a result, the exception was inapplicable and inquiry into the victim's sexual history was properly precluded under OCGA § 24-2-3 (b).

(Citations and punctuation omitted.) *Bishop v. State*, 252 Ga. App. 211, 214 (3) (555 SE2d 504) (2001).

4. Zepp makes multiple claims that her trial counsel was ineffective, and that, but for his ineffectiveness, the trial results would have been different. We do not agree.

To prevail on an ineffectiveness claim, Zepp must show both that her trial counsel's performance was deficient and that this deficiency prejudiced her defense. *Howard v. State*, 232 Ga. App. 430 (502 SE2d 292) (1998). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) Id. at 431.

(a) Zepp asserts that her trial counsel provided ineffective assistance by failing to object when the trial court allowed a partition to be placed between her and the children when they testified. She also

claims that the presence of the partition violated her confrontation rights under the state and federal constitutions.

The evidence shows that the State moved to have the children testify via closed circuit television pursuant to OCGA § 17-8-55.[1] Zepp opposed the motion, and suggested a scenario that would allow her and her husband to be present in the courtroom without the children seeing them. The parties agreed that, in lieu of the trial court considering the children testifying by closed circuit, a partition would be placed in between the children and their parents. Zepp was asked if this was acceptable to her and she agreed.

> [T]he right to confront is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. Clearly, the prosecution of child sex abuse cases poses substantial difficulties because of the emotional trauma frequently suffered by child witnesses who must testify about the sexual assaults they have suffered. To a child who does not understand the reason for confrontation, the anticipation and experience of being in close proximity to the defendant can be overwhelming. This court is unable to recognize any compelling logical reason for which a victim of child molestation would be forced into direct eye to eye contact with the appellant at all times. The right to confrontation is a right to ask and secure answers to questions from a witness who is present in court and in full view of the trier of fact. This condition was satisfied by the trial court's resolution in this case. In many cases, to require eye-to-eye contact between the victim and the appellant would not only be intimidating, and very possibly exacerbate the damage done them, but it also serves no meaningful purpose in the search for truth. Would the victim be more likely to tell the truth if forced to stare the defendant in the face? Certainly not as a matter of law and certainly not as a matter of fact. We have no information as to such a proposition and only superstition would suggest it. The victims are at a tender age and they understand their obligation to tell the truth. The mere fact that the trial court used its

---

[1] In all proceedings involving the criminal charges specified in this Code section, the court may order that the testimony of a child ten years of age or younger who has been the victim of any violation of Code Section 16-5-70, Code Section 16-6-1, Code Section 16-6-2, Code Section 16-6-4, or Code Section 16-6-5.1 be taken outside the courtroom and shown in the courtroom by means of a two-way closed circuit television.
OCGA § 17-8-55 (a).

> discretion in allowing the victims to [be separated by a partition] where they would not have to directly face the appellant in no way violated the appellant's constitutional right to confrontation. The appellant had the full opportunity to confront each victim with a thorough and sifting cross-examination and to expose each victim to the court and jury.

(Citations and punctuation omitted.) *Ortiz v. State*, 188 Ga. App. 532, 535 (2) (374 SE2d 92) (1988). "The Confrontation Clause does not compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere. However, that constitutional provision does guarantee the defendant a face-to-face meeting with witnesses appearing before the trier of fact." (Citations and punctuation omitted.) *Richardson v. State*, 276 Ga. 639, 641-642 (2) (581 SE2d 528) (2003).

While our Supreme Court has held that Zepp "was entitled to an unobstructed view of [the children] while they were on the stand," *Richardson v. State*, supra, 276 Ga. at 642 (2), in this circumstance, where the record shows that Zepp did not want the children to testify by closed circuit television, and actively participated in devising an alternative means for the children to testify, Zepp voluntarily waived her right to confront the witnesses. "It is well established that one cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing." (Citation and punctuation omitted.) *Sweeney v. State*, 233 Ga. App. 862, 865 (4) (506 SE2d 150) (1998).

Likewise, we do not find that Zepp's trial counsel was ineffective for failing to object to the procedure. At the motion for new trial hearing, Zepp's counsel testified that he wanted the children to testify face to face, but that he thought the OCGA § 17-8-55 motion would be granted, and believed that having the children testify with the divider in place would prove more favorable to Zepp. "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004).

(b) Zepp next contends that her rights to due process and effective assistance were violated when the court improperly commented on the evidence. Zepp complains about several instances which she contends reflect the trial court's improper commentary on the evidence. Although Zepp made no objection at trial regarding the conduct of the trial court, the plain error rule applies to criminal cases in which the trial court violates OCGA § 17-8-57, which provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what

has or has not been proved or as to the guilt of the accused." *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000). Therefore, we must first determine whether the commentary was improper pursuant to OCGA § 17-8-57, and next review the commentary to determine whether it seriously affected the fairness, integrity, or public reputation of these judicial proceedings. *Milner v. State*, 270 Ga. App. 80 (606 SE2d 91) (2004).

Zepp complains that on three different instances, in sustaining the State's objection during the examination of certain witnesses, the trial court said, "I agree," and in doing so, improperly commented on the evidence. Our review of the transcript reveals that the trial court's remarks merely reflected its ground for sustaining the objection, and, as such, did not implicate OCGA § 17-8-57. "[R]emarks of [the trial court] assigning a reason for [its] ruling are neither an expression of opinion nor a comment on the evidence." (Citation and punctuation omitted.) *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995). See also *Holmes v. State*, 210 Ga. App. 118 (1) (435 SE2d 492) (1993).

Zepp also complains that on another occasion, the trial court responded after the State's objection, that "I recall the evidence better as indicated by the district attorney. Somebody may have heard something that I didn't. I'll allow her to answer that question." Pretermitting whether this statement was improper under OCGA § 17-8-57, there was no error because the witness was allowed to answer the question over the State's objection.

Zepp also complains about the trial court's questioning of the two victims; however, our review reveals no impropriety.

> It is well settled that a trial court may question a witness in order to develop the truth of a case. Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or series of questions to any witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion.

(Citations omitted.) *Jackson v. State*, 251 Ga. App. 171, 172-173 (1) (554 SE2d 202) (2001).

Contrary to Zepp's argument, the court's inquiries were not an improper expression of its opinion of the case, but attempts to clarify the children's testimony, without commenting on the evidence or the guilt of the defendant.

Zepp, likewise, complains that the trial court improperly admitted testimony about body language and eye contact during the

testimony of the defense witness Dr. Farrar, which resulted in the bolstering of certain witnesses, and also gave the jury the trial court's opinion as to what witnesses to believe. Zepp also maintains that the trial court's questioning of this witness violated OCGA § 17-8-57.

Even if error occurred, it was induced by the defense, which opened the door. During direct examination Dr. Farrar testified about the purpose of videotaping victims and nonverbal clues, commenting that:

> Well, the primary reason for videotaping, that's ideal, is because, as I was saying earlier, what happens in these interviews, especially with needy children, they're going to watch and have eye contact, as ya'll saw in the videotape with [the daughter], she had pretty good eye contact with . . . the evaluator.

The trial court later questioned Dr. Farrar about body language and whether one could determine a person's honesty through her eye contact with the interviewer.

"A self-induced error is too close to premeditated error, hence beyond further appellate scrutiny." (Citations, punctuation and footnote omitted.) *Gordon v. State*, 252 Ga. App. 133, 135 (2) (555 SE2d 793) (2001). Moreover, "[b]y questioning the witnesses on these matters, [Zepp] opened the door to the questioning by the [trial court] on the same matters." *Burney v. State*, 244 Ga. 33, 39 (4) (257 SE2d 543) (1979).

Additionally, we find that the trial court's questioning of the witness regarding the hypotheses associated with body language did not violate OCGA § 17-8-57, but were asked "for the purpose of developing fully the truth of the case." (Citations omitted.) *Jackson v. State*, supra, 251 Ga. App. at 173. The court asked questions of Dr. Farrar to clarify his testimony and did not express or intimate an opinion as to proof or as to guilt; nor was the questioning argumentative. See *Shields v. State*, 272 Ga. 32, 34-35 (5) (526 SE2d 845) (2000).

While Zepp contends her counsel was deficient for not objecting in these instances, such an objection was not warranted by the court's statements. Therefore, this error is without merit. *Biswas v. State*, 255 Ga. App. 339, 346 (6) (b) (565 SE2d 531) (2002) ("[f]ailure to make a meritless objection is not evidence of ineffective assistance of counsel") (citation omitted).

(c) Zepp also contends counsel was ineffective when he failed to object to the testimony of two State's witnesses which bolstered the credibility of the victims.

It is well established that "[t]he credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. "In no circumstance may a witness'[s] credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). " '(I)t is not the function of witnesses to determine the veracity of other witnesses.' [Cit.]" *Golden v. State*, 233 Ga. App. 703 (1) (505 SE2d 242) (1998).

(i) Zepp first complains about the DFACS investigator's comment that "I confirmed the sexual abuse." The investigator testified that upon initiating an investigation of sexual abuse allegation, she could either find the allegations confirmed, unconfirmed, or unsubstantiated, and that in this case she "confirmed the sexual abuse." The transcript reveals that Zepp's trial counsel's subsequent objection was sustained, the answer was struck, and the trial court instructed the jury to disregard the comment. Accordingly, we find no error. See *Williams v. State*, 266 Ga. App. 578, 582 (2) (597 SE2d 621) (2004).

(ii) We, likewise, find no merit to Zepp's contention that her trial counsel was ineffective for failing to object to the testimony of the lead investigator about whether he determined that probable cause existed to obtain an arrest warrant for Zepp. See *Amaechi v. State*, 254 Ga. App. 490, 494 (3) (e) (564 SE2d 22) (2002). The complained-of testimony described details related to the officer's investigation, the implications of finding probable cause, and did not express an improper opinion about whether the victims were telling the truth.

(iii) The State's expert in pediatric forensics testified regarding her review of the physical examination of the daughter and commented that the findings were consistent with the allegation that the daughter's "father had put his penis in her vagina." Zepp complains that trial counsel was ineffective for failing to object to this comment because it improperly reflected the expert's opinion that she believed the daughter's allegation. We do not agree.

The testimony of experts that certain medical or scientific tests resulted in findings consistent with molestation does not violate OCGA § 24-9-80; it is admissible and proper. See *Gosnell v. State*, 247 Ga. App. 508, 510 (2) (b) (544 SE2d 477) (2001). Accordingly, trial counsel was not ineffective for failing to make a meritless objection. *Biswas v. State*, supra, 255 Ga. App. at 346.

(d) Zepp also complains that her trial counsel was ineffective for failing to object to the trial court's charge that the "quantum of evidence necessary to prove force against a child is minimal." Zepp argues that her counsel erred in failing to reserve objections to the charge, thus failing to preserve the error on appeal.

We find no error because the judge's charge represented a correct statement of the law. See *State v. Collins*, 270 Ga. 42, 44-45 (508 SE2d 390) (1998). While a correct statement of law embodied in a reviewing court's opinion is not necessarily appropriate as a jury charge, *Sumlin v. State*, 207 Ga. App. 408, 409 (2) (427 SE2d 868) (1993), on this record we hold that the charge, which was coupled with instructions regarding the burden of proof, was an appropriate statement of relevant law to give to the jury. Thus, the trial court did not err when it denied Zepp's motion for a new trial based upon this claim of ineffective assistance of counsel.

(e) Although Zepp complains that trial counsel was ineffective for failing to object to evidence that her parental rights were terminated, the record does not reflect that this evidence was ever admitted. During the defense's questioning of the foster mother about the adequacy of the evidence against the parents in the DFACS action, the State objected to the relevance, contending that "the objection is that regardless of whether there is enough to terminate parental rights, this jury is here to decide the evidence in this case." The court sustained the objection.

OCGA § 17-8-75 provides:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

Here, the evidence shows that the defense employed the legal tactic of showing that the children were in foster care and had stayed in multiple foster homes, and had been improperly influenced by suggestions from the foster parents. Statements based upon reasonable and permissible inferences from evidence already before the jury do not violate the proscriptions of OCGA § 17-8-75. See, e.g., *Thompson v. State*, 150 Ga. App. 567, 568 (2) (258 SE2d 180) (1979). Consequently, we reiterate, failure to make a meritless objection is not evidence of ineffective assistance of counsel. *Biswas v. State*, supra, 255 Ga. App. at 346. Moreover, Zepp has not shown that counsel's performance, assuming it was deficient, harmed her. A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct prejudiced the defendant. *Ney v. State*, 227 Ga. App. 496, 499 (4) (489 SE2d 509) (1997).

5. Although Zepp complains that her trial attorney was generally ineffective, Georgia does not recognize the cumulative error doctrine. *Howren v. State*, 271 Ga. App. 55, 58 (5) (608 SE2d 653) (2004).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 18, 2005 — 

*Zell & Zell, Rodney S. Zell*, for appellant.

*James R. Osborne, District Attorney, Fred A. Lane, Jr., Elizabeth L. Larson, Assistant District Attorneys*, for appellee.