# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1769. KYLE RICHARD BISHOP, III v. THE STATE.**

In October 2000, a jury found Kyle Richard Bishop, III guilty of child molestation, two counts of aggravated child molestation, and aggravated sexual battery, and his convictions were affirmed on appeal. See *Bishop v. State*, 252 Ga. App. 211 (555 SE2d 504) (2001). In October 2015, Bishop filed a motion to vacate a void sentence. The trial court denied the motion, and Bishop filed this appeal.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Bishop argues that the trial court erred in failing to follow the strictures of OCGA § 17-10-6.2 (b) in imposing his sentence. OCGA § 17-10-6.2 was first enacted in 2006, however, and has no bearing on the trial court's sentencing of Bishop. See *Richardson v. State*, 334 Ga. App. 344, 347 (1) (779 SE2d 406) (2015) ("Because OCGA § 17-10-6.2 was not in effect when [Bishop] committed the charged crime[s], the trial court committed no error in failing to apply its provisions[.]").

Accordingly, this argument does not present a colorable void sentence claim.

In other arguments, Bishop suggests that his punishment was unduly harsh or that the offenses should have merged for sentencing purposes.[1] Bishop does not, however, contend that his sentences exceeded the maximum allowed by law. Accordingly, he has not raised a valid void sentence claim. See *Von Thomas*, supra; see *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010) (a merger argument does not constitute a valid void sentence claim).

Because Bishop has not raised a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/26/2017_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[1] The trial court sentenced Bishop to 20 years to serve for child molestation; 30 years to serve for aggravated child molestation; 30 years with 10 to serve on a second count of aggravated child molestation; and 20 years with 10 to serve consecutive to count 1 for aggravated sexual battery.